William L. Mentlik
Paul H. Kochanski
Bruce H. Sales
Russell W. Faegenburg
LERNER, DAVID, LITTENBERG,
  KRUMHOLZ & MENTLIK, LLP
600 South Avenue West
Westfield, NJ 07090-1497
Tel:   908.654.5000
Fax:   908.654.7866

**Document Filed Electronically**

*Attorneys for Plaintiff Bed Bath & Beyond Inc.*

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| BED BATH & BEYOND INC., | : | |
| | : | Civil Action No. 08-5839-SDW-MCA |
| Plaintiff, | : | |
| | : | District Judge Susan D. Wigenton |
| v. | : | Magistrate Judge Madeline C. Arleo |
| | : | |
| SEARS BRANDS, LLC, | : | |
| | : | |
| Defendant. | : | |
| —————————————————— | x | |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW AND ORDER
## GRANTING PLAINTIFF BED BATH & BEYOND INC.'S MOTION TO SEAL

Pursuant to Local Civil Rule 5.3, plaintiff Bed Bath & Beyond Inc. ("BBB") hereby

submits its proposed Findings of Fact and Conclusions of Law in support of its Motion to Seal,

filed with the Court on December 12, 2011.  Local Civil Rule 5.3(c) places the burden of proof

on the moving party as to why a motion to seal or otherwise restrict public access should be

granted.  Specifically, it requires a showing of:

1. the nature of the materials or proceedings at issue;

2. the legitimate private or public interest that warrants the relief sought;

3. the clearly defined and serious injury that would result if the relief sought is not
   granted; and

4.   why a less restrictive alternative to the relief sought is not available.

BBB seeks to seal the following information and documents collectively referred to as "Confidential Materials":

1.   The Confidential Materials relevant to Plaintiff's Motion for Summary Judgment on the issue of marking are:

- REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF BED BATH & BEYOND'S MOTION FOR PARTIAL SUMMARY JUDGMENT LIMITING SEARS' DAMAGES CLAIM FOR FAILURE TO COMPLY WITH THE MARKING REQUIREMENT OF 35 U.S.C. § 287 ("Marking Brief") designated as "Confidential" or "Attorneys' Eyes Only."

2.   The Confidential Material relevant to Plaintiff's Motion for Summary Judgment of Noninfringement are:

- Exhibit K of the Supplemental Faegenburg declaration:  excerpts from the deposition transcript of Michael Shamos dated July 20, 2011, which has been designated by BBB as "Highly Confidential";

- Exhibit L of the Supplemental Faegenburg declaration:  excerpts from the deposition transcript of William H. Beckmann dated September 6, 2011, which has been designated by Sears as "Attorneys' Eyes Only";

- Exhibit M of the Supplemental Faegenburg declaration:  excerpts from the deposition transcript of Vatche Daghlian dated June 9, 2011, which has been designated by BBB as "Attorneys' Eyes Only";

- REPLY MEMORANDUM OF PLAINTIFF BED BATH & BEYOND INC. IN   SUPPORT   OF   ITS   MOTION   FOR   SUMMARY   JUDGMENT   OF

NONINFRINGEMENT ("Noninfringement Brief") designated as "Confidential" or "Attorneys' Eyes Only"; and

- PLAINTIFF BED BATH & BEYOND INC.'S RESPONSE TO SEARS BRANDS, LLC'S SUPPLEMENTAL STATEMENT OF MATERIAL FACTS IN ACCORDANCE WITH LOCAL RULE 56.1(a) ("Noninfringement Rule 56.1 Statement") designated as "Confidential" or "Attorneys' Eyes Only."

Set forth below are the Findings of Fact and Conclusions of Law addressing each of the elements of Local Civil Rule 5.3(c). These Findings of Fact and Conclusions of Law support the granting of BBB's Motion to Seal the Confidential Materials identified herein.

## FINDINGS OF FACT

1.      On August 26, 2009, a Discovery Confidentiality Order (Dkt.37) was entered in this case to "govern the disclosure, production, and use of information, documents and tangible things in connection with this Action."

2.      The Discovery Confidentiality Order provides that a party producing documents in the course of this action may designate materials as "Confidential" or "Attorneys' Eyes Only."

3.      Materials designated as "Confidential" under the Discovery Confidentiality Order are those materials: (a) that contain trade secrets, competitively sensitive technical, marketing, financial, sales, or other confidential business information, or (b) that contain private or confidential personal information, or (c) that contain information received in confidence from third parties, or (d) which the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure and Local Civil Rule.

4.      Materials designated as "Attorneys' Eyes Only" under the Discovery Confidentiality Order contain information a party to this litigation or any third party believes

contains highly sensitive business or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the designating party.

5.      On December 12, 2011, BBB submitted and/or referenced confidential materials identified above in support of its reply briefs in support of its motions for summary judgment of noninfringement and on the issue of marking.  These Confidential Materials were marked either "Confidential," "Attorneys' Eyes Only," or "Confidential — Attorneys' Eyes Only."

6.      The Confidential Materials contain and/or reference highly sensitive commercial and proprietary information pertaining to defendant Sears Brands, LLC ("Sears") and plaintiff BBB.   Because this information is not publicly available, Sears and BBB would suffer a competitive disadvantage if this information and the documents fell into the hands of a competitor.

7.      Counsel for BBB has submitted a declaration stating its understanding that Sears and BBB both have a strong interest in avoiding public disclosure of the Confidential Materials.

8.      Given its reference to nonpublic business information that is otherwise unavailable to third parties, including trade secret information, the public disclosure of the Confidential Materials identified above poses a substantial risk of harm to Sears' and BBB's proprietary interests.

9.      BBB has complied with the terms of the Discovery Confidentiality Order by moving to file the Confidential Materials under seal pursuant to L. Civ. R. 5.3(c).

10.      The information contained in or referenced by the Confidential Materials satisfies the standards set forth in L. Civ. R. 5.3(c), as the information pertains to confidential commercial and proprietary aspects of Sears' and BBB's businesses.

11.    There is no less restrictive alternative to the filing of the Confidential Materials under seal. BBB has moved to preclude certain damages testimony by Sears' expert Dr. Richard Gering and must rely upon the Confidential Materials to support its motion. A clearly defined and serious injury would result if Sears' and BBB's Confidential Materials, which contain confidential and highly sensitive business and proprietary information, are not filed under seal.

12.    Sears does not oppose BBB's motion to seal the Confidential Materials.

## CONCLUSIONS OF LAW

13.    On August 26, 2009, a Discovery Confidentiality Order (Dkt.37) was entered in this case to "govern the disclosure, production, and use of information, documents and tangible things in connection with this Action."

14.    The Discovery Confidentiality Order provides that a party producing documents in the course of this action may designate materials as "Attorneys' Eyes Only."

15.    Materials designated as "Confidential" under the Discovery Confidentiality Order are those materials: (a) that contain trade secrets, competitively sensitive technical, marketing, financial, sales, or other confidential business information, or (b) that contain private or confidential personal information, or (c) that contain information received in confidence from third parties, or (d) which the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure and Local Civil Rule.

16.    Materials designated as "Attorneys' Eyes Only" under the Discovery Confidentiality Order contain information a party to this litigation or any third party believes contains highly sensitive business or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the designating party.

17.     The Court finds that on December 12, 2011, BBB submitted and/or referenced confidential materials identified above in support of its reply briefs in support of its motions for summary judgment of noninfringement and on the issue of marking.   These Confidential Materials were marked either "Confidential," "Attorneys' Eyes Only," or "Confidential — Attorneys' Eyes Only."

18.     The Court finds that the Confidential Materials contain and/or reference highly sensitive commercial and proprietary information pertaining to defendant Sears and plaintiff BBB.   Because this information is not publicly available, Sears and BBB would suffer a competitive disadvantage if this information and the documents fell into the hands of a competitor.

19.     The Court finds that counsel for BBB has submitted a declaration stating its understanding that Sears and BBB both have a strong interest in avoiding public disclosure of the Confidential Materials.

20.     The Court finds that given its reference to nonpublic business information that is otherwise unavailable to third parties, including trade secret information, the public disclosure of the Confidential Materials identified above poses a substantial risk of harm to Sears' and BBB's proprietary interests.

21.     The Court finds that BBB has complied with the terms of the Discovery Confidentiality Order by moving to file the Confidential Materials under seal pursuant to L. Civ. R. 5.3(c).

22.     The Court finds that the information contained in or referenced by the Confidential Materials satisfies the standards set forth in L. Civ. R. 5.3(c), as the information pertains to confidential commercial and proprietary aspects of Sears' and BBB's businesses.

23.     The Court finds that there is no less restrictive alternative to the filing of the Confidential Materials under seal.  BBB has moved to preclude certain damages testimony by Sears' expert Dr. Richard Gering and must rely upon the Confidential Materials to support its motion.  The Court finds that a clearly defined and serious injury would result if Sears' and BBB's Confidential Materials, which contain confidential and highly sensitive business and proprietary information, are not filed under seal.

24.     The Court finds that Sears does not oppose BBB's motion to seal the Confidential Materials.

25.     The District Court of New Jersey has held that the inclusion of trade secrets and other confidential information in documents warrants the sealing of such documents.  A well-settled exception to the right of access is "the 'protection of a party's interest in confidential commercial information, such as a trade secret, where there is a sufficient threat of irreparable harm.'"  *In re Gabapentin Patent Litig.*, 312 F. Supp. 2d 653, 664 (D.N.J. 2004).  "The presence of trade secrets or other confidential information weighs against public access and, accordingly, documents containing such information may be protected from disclosure."

It is hereby ORDERED on this ___ day of December, 2011 that the above-identified "Confidential Materials" can be filed under seal pursuant to Local Rule 5.3(c).

Dated: _Dec 19-11_____

Newark, New Jersey

Hon. Madelina Cox Arleo, USMJ