William L. Mentlik
Paul H. Kochanski
Bruce H. Sales
Russell W. Faegenburg
LERNER, DAVID, LITTENBERG,
 KRUMHOLZ & MENTLIK, LLP
600 South Avenue West
Westfield, NJ 07090-1497
Tel:   908.654.5000
Fax:   908.654.7866

**Document Filed Electronically**

*Attorneys for Plaintiff Bed Bath & Beyond Inc.*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BED BATH & BEYOND INC., | Civil Action No. 08-5839-SDW-MCA |
| Plaintiff, | |
| v. | District Judge Susan D. Wigenton |
| | Magistrate Judge Madeline C. Arleo |
| SEARS BRANDS, LLC, | |
| Defendant. | |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW AND ORDER
GRANTING PLAINTIFF BED BATH & BEYOND INC.'S MOTION TO SEAL**

Pursuant to Local Civil Rule 5.3, plaintiff Bed Bath & Beyond Inc. ("BBB") hereby submits its proposed Findings of Fact and Conclusions of Law in support of its Motion to Seal Materials Submitted in Opposition to Defendant Sears Brands, LLC's Motions to Exclude Opinions and Argument Regarding the Entire Market Value Rule and to Preclude Reference to Third-Party Gift Registries as Noninfringing. Local Civil Rule 5.3(c) places the burden of proof

on the moving party as to why a motion to seal or otherwise restrict public access should be granted. Specifically, it requires a showing of:

1. the nature of the materials or proceedings at issue;

2. the legitimate private or public interest that warrants the relief sought;

3. the clearly defined and serious injury that would result if the relief sought is not granted; and

4. why a less restrictive alternative to the relief sought is not available.

BBB seeks to seal the following information and documents collectively referred to as "Confidential Materials":

- selected pages from the Expert Report by Richard J. Gering, Ph.D., dated December 21, 2010, designated by Sears as "Confidential — Attorneys' Eyes Only";

- selected pages from the deposition transcript of Richard Gering taken on August 15, 2010, designated by Sears as "Confidential — Attorneys' Eyes Only";

- selected pages from the deposition transcript of Mary E. Tortorice taken on September 10, 2010, designated by Sears as "Confidential";

- selected pages from the deposition transcript of Michael LeRoy taken on July 13, 2010, designated by Sears as "Attorneys' Eyes Only";

- selected pages from Plaintiff's Exhibit 87 marked at the deposition of Robert Mills taken on October 29, 2010, designated by Sears as "Highly Confidential – Attorney's Eyes Only";

- BED BATH & BEYOND'S OPPOSITION TO SEARS' MOTION TO EXCLUDE OPINIONS AND ARGUMENT REGARDING THE ENTIRE MARKET VALUE RULE designated as "Confidential — Attorneys' Eyes Only"; and

- BED BATH & BEYOND'S OPPOSITION TO SEARS' MOTION TO PRECLUDE REFERENCE TO THIRD-PARTY GIFT REGISTRIES AS NONINFRINGING designated as "Confidential — Attorneys' Eyes Only."

Set forth below are the Findings of Fact and Conclusions of Law addressing each of the elements of Local Civil Rule 5.3(c). These Findings of Fact and Conclusions of Law support the granting of BBB's Motion to Seal the Confidential Materials identified herein.

## FINDINGS OF FACT

1. On August 26, 2009, a Discovery Confidentiality Order (Dkt.37) was entered in this case to "govern the disclosure, production, and use of information, documents and tangible things in connection with this Action."

2. The Discovery Confidentiality Order provides that a party producing documents in the course of this action may designate materials as "Confidential" or "Attorneys' Eyes Only."

3. Materials designated as "Confidential" under the Discovery Confidentiality Order are those materials: (a) that contain trade secrets, competitively sensitive technical, marketing, financial, sales, or other confidential business information, or (b) that contain private or confidential personal information, or (c) that contain information received in confidence from third parties, or (d) which the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure and Local Civil Rules.

4. Materials designated as "Attorneys' Eyes Only" under the Discovery Confidentiality Order contain information a party to this litigation or any third party believes contains highly sensitive business or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the designating party.

5.      BBB will be submitting confidential materials identified above in opposition to defendant Sears Brands, LLC's *in limine* motions to exclude opinions and argument regarding the entire market value rule and to preclude reference to third-party gift registries as noninfringing. These Confidential Materials were marked either "Confidential," "Attorneys' Eyes Only," or "Confidential — Attorneys' Eyes Only."

6.      The Confidential Materials contain and/or reference highly sensitive commercial and proprietary information pertaining to defendant Sears Brands, LLC ("Sears") and plaintiff BBB. Because this information is not publicly available, Sears and BBB would suffer a competitive disadvantage if this information and the documents fell into the hands of a competitor.

7.      Counsel for BBB has submitted a declaration stating its understanding that Sears and BBB both have a strong interest in avoiding public disclosure of the Confidential Materials.

8.      Given its reference to nonpublic business information that is otherwise unavailable to third parties, including commercial, financial, and trade secret information, the public disclosure of the Confidential Materials identified above poses a substantial risk of harm to Sears' and BBB's proprietary interests.

9.      BBB has complied with the terms of the Discovery Confidentiality Order by moving to file the Confidential Materials under seal pursuant to L. Civ. R. 5.3(c).

10.     The information contained in or referenced by the Confidential Materials satisfies the standards set forth in L. Civ. R. 5.3(c), as the information pertains to confidential commercial and proprietary aspects of Sears' and BBB's businesses.

11.     There is no less restrictive alternative to the filing of the Confidential Materials under seal. BBB has moved to preclude certain damages testimony by Sears' expert Dr. Richard

Gering and must rely upon the Confidential Materials to support its motion. A clearly defined and serious injury would result if Sears' and BBB's Confidential Materials, which contain confidential and highly sensitive business and proprietary information, are not filed under seal.

12. Sears does not oppose BBB's motion to seal the Confidential Materials.

## CONCLUSIONS OF LAW

13. On August 26, 2009, a Discovery Confidentiality Order (Dkt.37) was entered in this case to "govern the disclosure, production, and use of information, documents and tangible things in connection with this Action."

14. The Discovery Confidentiality Order provides that a party producing documents in the course of this action may designate materials as "Attorneys' Eyes Only."

15. Materials designated as "Confidential" under the Discovery Confidentiality Order are those materials: (a) that contain trade secrets, competitively sensitive technical, marketing, financial, sales, or other confidential business information, or (b) that contain private or confidential personal information, or (c) that contain information received in confidence from third parties, or (d) which the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure and Local Civil Rule.

16. Materials designated as "Attorneys' Eyes Only" under the Discovery Confidentiality Order contain information a party to this litigation or any third party believes contains highly sensitive business or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the designating party.

17. The Court finds that BBB will be submitting the Confidential Materials identified above in opposition to Sears' *in limine* motions to exclude opinions and argument regarding the

entire market value rule and to preclude references to third-party registries as noninfringing. These Confidential Materials were marked either "Confidential," "Attorneys' Eyes Only," or "Confidential — Attorneys' Eyes Only pursuant to the Discovery Confidentiality Order entered in this matter.

18. The Court finds that the Confidential Materials contain and/or reference highly sensitive commercial and proprietary information pertaining to defendant Sears and plaintiff BBB. Because this information is not publicly available, Sears and BBB would suffer a competitive disadvantage if this information and the documents fell into the hands of a competitor.

19. The Court finds that counsel for BBB has submitted a declaration stating its understanding that Sears and BBB both have a strong interest in avoiding public disclosure of the Confidential Materials.

20. The Court finds that given its reference to nonpublic business information that is otherwise unavailable to third parties, including commercial, financial, and trade secret information, the public disclosure of the Confidential Materials identified above poses a substantial risk of harm to Sears' and BBB's proprietary interests.

21. The Court finds that BBB has complied with the terms of the Discovery Confidentiality Order by moving to file the Confidential Materials under seal pursuant to L. Civ. R. 5.3(c).

22. The Court finds that the information contained in or referenced by the Confidential Materials satisfies the standards set forth in L. Civ. R. 5.3(c), as the information pertains to confidential commercial and proprietary aspects of Sears' and BBB's businesses.

23. The Court finds that there is no less restrictive alternative to the filing of the Confidential Materials under seal. BBB in opposing Sears' *in limine* motions must rely upon the Confidential Materials to support its opposition. The Court finds that a clearly defined and serious injury would result if Sears' and BBB's Confidential Materials, which contain confidential and highly sensitive business and proprietary information, are not filed under seal.

24. The Court finds that Sears does not oppose BBB's motion to seal the Confidential Materials.

25. The District Court of New Jersey has held that the inclusion of trade secrets and other confidential information in documents warrants the sealing of such documents. A well-settled exception to the right of access is "the 'protection of a party's interest in confidential commercial information, such as a trade secret, where there is a sufficient threat of irreparable harm. The presence of trade secrets or other confidential information weighs against public access and, accordingly, documents containing such information may be protected from disclosure.'" *In re Gabapentin Patent Litig.*, 312 F. Supp. 2d 653, 664 (D.N.J. 2004), *aff'd in part, rev'd in part on other grounds*, 503 F.3d 1254 (Fed. Cir. 2007).

It is hereby ORDERED on this 10 day of Spt, 2012 that the above-identified "Confidential Materials" can be filed under seal pursuant to Local Rule 5.3(c).

Dated:_____
Newark, New Jersey

_____
Madeline Cox Arleo
United States Magistrate Judge

2836451_1.DOC                                                      7